Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1913 | **DATE** | 7/19/2010 |
| **CASE TITLE** | Rodriguez vs. Doe et al | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiffs' motion for reconsideration [82].

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

On June 14, 2010, the Court granted Defendants' motion for partial summary judgment and denied Plaintiffs' motion for partial summary judgment in this action brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1367(a). The Court presumes familiarity with its June 14, 2010 Memorandum, Opinion, and Order. Before the Court is Plaintiffs Caroline Brown's ("Brown") and Vanessa Rodriguez's ("Vanessa") motion to reconsider the denial of their false arrest claims. For the following reasons, the Court, in its discretion, denies Plaintiffs' motion for reconsideration because Plaintiffs have not established that the Court committed a manifest error of law or fact.

## LEGAL STANDARD

Because the Court's June 14, 2010 Memorandum, Opinion, and Order did not dispose of this case in its entirety, the Court reviews Plaintiffs' reconsideration motion under Federal Rule of Civil Procedure 54(b), which states in relevant part:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Thus, under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders because such orders may be revised at any time before the Court enters a final judgment. *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.,* 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable"). Motions for reconsideration under Rule 54(b) serve the limited function of correcting manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987); *Zurich Capital Mkt., Inc. v. Coglianese,* 383 F.Supp.2d 1041, 1045 (N.D. Ill. 2005). "A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

## BACKGROUND

The Court granted Defendants' summary judgment motion and denied Plaintiffs' summary judgment motion as to both Vanessa's and Brown's false arrest claims concluding that the arresting officers had probable cause to arrest them for disorderly conduct pursuant to 720 ILCS 5/26-1(a)(1). *See Stokes v. Board of Educ. of the City of Chicago,* 599 F.3d 617, 622 (7th Cir. 2010) ("Probable cause is an absolute bar to a claim of false arrest asserted under the Fourth Amendment and section 1983."); *see also Fox v. Hayes,* 600 F.3d 819, 836, 837 (7th Cir. 2010) ("an arrest is reasonable under the Fourth Amendment so long as there is probable cause to believe that *some* criminal offense has been or is being committed, even if it is not the crime with which the officers initially charge the suspect.") (emphasis in original). The Illinois disorderly conduct statute states in relevant part that a "person commits disorderly conduct when he knowingly [d]oes any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 ILCS 5/26-1(a)(1).

In granting Defendants' motion and denying Plaintiffs' motion, the Court explained:

> At the time Officer Berg arrested Vanessa, Brown, and Garcia, they had been shouting obscenities and threats at the police officers while the officers were executing the search warrant and attempting to arrest Marcus. In addition, it is undisputed Officer Porebski was controlling the hostile crowd that had gathered in front of the search warrant's target location, including Vanessa, Brown, and Garcia, who were shouting and arguing with Officer Porebski. Based on these circumstances and viewing the facts in a light most favorable to Plaintiffs, a reasonable person in Officer Berg's position could have reasonably believed that Vanessa, Brown, and Garcia engaged in disorderly conduct by acting in an unreasonable manner resulting in a breach of the peace. *See Montano v. City of Chicago,* 535 F.3d 558, 569 (7th Cir. 2008) (probable cause existed where crowd gathered after altercation, plaintiffs complained and yelled, police officers asked plaintiffs to leave the scene, and the police believed plaintiffs were aggravating chaotic and hazardous situation); *Mustafa v. City of Chicago,* 442 F.3d 544, 547-48 (7th Cir. 2006) (probable cause existed to arrest plaintiff who was at center of commotion and agitation). Because Officer Berg had probable cause to arrest Vanessa, Brown, and Garcia for disorderly conduct in the context of the chaotic situation outside of the apartment building, the Court grants Defendant Officers' summary judgment motion and denies Plaintiffs' summary judgment motion as to Vanessa's, Brown's, and Garcia's false arrest claims as alleged in Count II of the First Amended Complaint.

(R. 80-1, Mem., Op., and Order, at 12-13.)

# ANALYSIS

In their motion for reconsideration, Vanessa and Brown maintain that in crafting their Northern District of Illinois Local Rule 56.1 Statement of Facts in support of their summary judgment motion, they presented the facts in a light most favorable to Defendants, and therefore, they inadvertently conceded facts that were actually in dispute. In short, Plaintiffs are seeking to undo their own procedural failure of admitting facts. Motions for reconsideration, however, do "not provide a vehicle for a party to undo its own procedural failures." *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010) (citation omitted). Therefore, Plaintiffs' argument that they made a mistake when drafting their local rule statement does not establish that the Court committed a manifest error of law or fact. *See Oto,* 224 F.3d at 606; *see, e.g., Bordelon v. Chicago Sch. Reform Bd.,* 233 F.3d 524, 529 (7th Cir. 2000) (district court did not abuse its discretion when denying reconsideration motion seeking to "undo" shortcomings of local rule statement). In sum, motions for reconsideration enable courts to correct their own errors, not the litigants' errors. *See Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996).

Further, in the June 14, 2010 Memorandum, Opinion, and Order, the Court outlined the local rules explaining each parties' burden in presenting their facts. In doing so, the Court explained that "district courts are entitled to expect strict compliance with Local Rule 56.1." *See Raymond v. Ameritech Corp.,* 442 F.3d 600, 604 (7th Cir. 2006). To clarify, "[b]ecause of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts, we have consistently upheld the district court's discretion to require strict compliance with those rules." *Cracco v. Vitran Express, Inc.,* 559 F.3d 625, 632 (7th Cir. 2009) (citation omitted). Accordingly, at this juncture, it is too late for Plaintiffs to argue that they misunderstood their burden in presenting the facts. *See Bordelon*, 233 F.3d at 529; *Moro,* 91 F.3d at 876.

Finally, it is the Court's role at summary judgment to construe the facts in favor of the non-moving party. *See Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 456 (7th Cir. 2010). Moreover, in an adversary system, counsel normally gives evidence a "partisan slant." *See Sommerfield v. City of Chicago,* 613 F.Supp.2d 1004, 1007 (N.D. Ill. 2009); *see also Gusman v. Unisys Corp.,* 986 F.2d 1146, 1148 (7th Cir. 1993). Accordingly, Plaintiffs' argument that they were presenting the facts in their Local Rule 56.1 Statement in a light most favorable to Defendants is misplaced. Again, Plaintiffs' argument does not establish that the Court committed a manifest error of law or fact. As such, the Court denies Plaintiffs' motion for reconsideration.