# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1913 | **DATE** | 8/13/2010 |
| **CASE TITLE** | Rodriguez et al vs. Rooney et al. | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiffs' motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) [89]. The trial date stands.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On June 14, 2010, the Court granted Defendants' motion for summary judgment on all counts except Plaintiff Marcus Rodriguez's excessive force claim as alleged in Count III of the First Amended Complaint. Shortly thereafter, the Court set a trial date of November 29, 2010. Before the Court is Plaintiffs' motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) so that Plaintiffs may immediately appeal the dismissed claims. For the following reasons, the Court denies Plaintiffs' motion.

### PROCEDURAL BACKGROUND

On April 30, 2009, Plaintiffs Marcus Rodriguez, Vanessa Rodriguez, Maritza MaLave, Luis Stallworth, Alex Garcia, and Caroline Brown brought a seven-count First Amended Complaint alleging violations of their constitutional rights, as well as state law claims of malicious prosecution, intentional infliction of emotional distress, and indemnification, against Defendant Chicago Police Officers and the City of Chicago. On March 2, 2010, pursuant to the parties' stipulation to dismiss, the Court dismissed with prejudice Plaintiffs' due process claim as alleged in Count V of the First Amended Complaint against all Defendants. Also, in their response to Defendants' partial motion for summary judgment, Plaintiffs conceded that their conspiracy claim as alleged in Count I should be dismissed, and thus the Court dismissed with prejudice Count I against all Defendants.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

At summary judgment, the Court granted Defendants' summary judgment motion and denied Plaintiffs' summary judgment motion concerning Plaintiffs' Fourth Amendment claims as alleged in Count II of the First Amended Complaint. The Court also granted Defendants' summary judgment motion as to Plaintiffs' state law malicious prosecution and intentional infliction of emotional distress claims as alleged in Counts V and VI of the First Amended Complaint. Because none of Plaintiffs' state law claims remained, the Court also dismissed with prejudice Plaintiffs' indemnification claim against the City of Chicago as alleged in Count VII of the First Amended Complaint. On July 19, 2010, the Court denied Caroline Brown's and Vanessa Rodriguez's motion for reconsideration. Thus, the only remaining claim for trial is Marcus Rodriguez's excessive force claim against Defendant Officers Berg, Rooney, McGarry, and Porebski as alleged in Count III of the First Amended Complaint.

## LEGAL STANDARD

Rule 54(b) contemplates partial final judgment for claims that are unrelated to the ones remaining in the district court. *See Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.,* 518 F.3d 459, 464 (7th Cir. 2008). More specifically, "Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." *Factory Mutual Ins. Co. v. Bobst Group USA, Inc.,* 392 F.3d 922, 924 (7th Cir. 2004). As the Seventh Circuit explains,

> Rule 54(b) is not intended to provide an option to the district court to certify issues for interlocutory appeal. Rather, Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where "separate" means having minimal factual overlap.

*Lottie v. West Am, Ins. Co.*, 408 F.3d 935, 939 (7th Cir. 2005) (internal citation omitted). The purpose behind the separate and distinct requirement is to "spare the court of appeals from having to keep relearning the facts of a case on successive appeals." *Jack Walters & Sons Corp. v. Morton Bldg., Inc.,* 737 F.2d 698, 702 (7th Cir. 1984).

## ANALYSIS

There is considerable factual overlap in the remaining excessive force claim and the dismissed false arrest and malicious prosecution claims that would require a duplication of effort by the appellate court. *See id.* To recap, at approximately 1:44 p.m on October 28, 2007, a Circuit Court of Cook County Judge signed a search warrant that authorized the search of Marcus Rodriguez and the premises described as 4856 N. Avers 1st Floor Apartment, Multi-Dwelling Building, Chicago, Illinois, Cook County. The warrant also authorized the seizure of cannabis; residency documents; any paraphernalia used to weigh, cut or mix drugs; money; and records detailing illegal drug transactions.

After the judge signed the warrant and Defendant Officers held a briefing, the officers left the 17th District police station and proceeded to the target location at the intersection of Avers and Ainslie. Upon arrival, the entry team went to the rear of the apartment building and other officers entered the apartment. Upon entering the apartment, the officers conducted a security sweep and encountered the target of the search warrant, Marcus Rodriguez, Sr. The officers detained and handcuffed Marcus Rodriguez, Sr. and also detained and handcuffed Plaintiff Maritza MaLave, who was the leaseholder of the apartment. Also, as the officers entered the apartment, Plaintiff Vanessa Rodriguez was in the front hallway. A female officer identified herself as a police officer and then detained and handcuffed Vanessa in that same hallway. The officers took Vanessa to the front stoop of the property and asked her basic identifying questions so that the officers could fill out a contact card. The officers then removed Vanessa's handcuffs.

After the officers conducted a security sweep of the residence, they began to search for contraband. The officers searched the rear bedroom and discovered over 200 Ziploc bags – 27 of which contained suspect cannabis – bundled money, and other drug paraphernalia. One of the officers also observed electronic equipment that he thought might be connected to a rash of burglaries in the area. Another officer, who was also aware of the recent burglaries, returned to the 17th District police station to review the burglary reports and further investigate the electronic equipment. The remaining officers secured the residence.

At that point, three officers left the apartment and proceeded to the neighborhood elementary school to determine whether it was close enough to the apartment to increase the level of the drug offense against Marcus Rodriguez, Sr. Also, certain officers returned to the 17th District police station to inventory the narcotics and process Marcus Rodriguez, Sr. Meanwhile, Defendant Officer Berg left his security position in the front of the residence and joined Defendant Officer Porebski inside the residence. Officer Berg's understanding at that time was that the officers who conducted the search had found stolen items and that there were a number of laptops in one of the bedrooms.

Approximately five minutes after Officer Berg entered the residence and while he was stacking the laptops, Plaintiff Marcus Rodriguez, Jr. (hereinafter "Marcus") entered the front foyer of the residence. Thereafter, Marcus saw Officer Porebski in the living room after which Officer Porebski stated that a search warrant was being conducted and Marcus demanded to see the warrant. Officers Porebski and Berg both told Marcus and Plaintiff Luis Stallworth, who had also entered the apartment building, to leave. Marcus and Stallworth then shouted obscenities. Marcus specifically shouted "Fuck you. You have no search warrant. Get out of my house" to Officers Porebski and Berg. Also, while in the hallway, Officer Berg heard Vanessa and Caroline Brown shouting. At some point, backup was called. Meanwhile, the officers attempted to move Plaintiffs out of the foyer of the apartment building and into the front yard. During this time, Marcus was shouting at Officers Berg and Porebski. Marcus' shouting led the crowd assembling in the front of the residence to also shout.

Once outside, Officer Berg attempted to detain Marcus and a struggle ensued. The parties dispute what happened next, although it is undisputed that there was a struggle between Officer Berg and Marcus on the stoop of the building. Throughout the struggle between Officer Berg and Marcus, Plaintiffs Alex Garcia, Brown, Stallworth and Vanessa were in the front area outside of the apartment building. Officer Porebski, who was then on the stoop, observed three or four individuals yelling and screaming while they advanced towards the stoop. Garcia, for example, yelled at the officers to "get the fuck off my cousin." Vanessa yelled "Fuck you. This is our house. Get the fuck out of here." Officer Porebski repeatedly told the advancing group to get back.

While at the elementary school, the other officers heard the call for assistance over their radios. Upon their return to the apartment building, they observed that Marcus was on top of Officer Berg. Within one foot of where Marcus and Officer Berg were struggling, they saw several people surrounding Officer Porebski. After exiting the police vehicle, an officer addressed the hostile crowd forming in the street in front of the apartment building. The crowd that had gathered on the street yelled "fuck the police, fuck you guys." Also, a hostile crowd had assembled in the yard next door to the residence.

Once the officers handcuffed Marcus, Officer Berg surveyed the yard and saw Officer Porebski, Vanessa, Brown, and Garcia shouting back and forth. At that point, Officer Berg made the decision to arrest Vanessa, Brown, and Garcia. Among the reasons that Officer Berg gave for the arrest was that he thought Vanessa, Brown, and Garcia were obstructing Officer Porebski from assisting with the arrest of Marcus because they had surrounded Officer Porebski and were shouting and screaming.

To summarize, Plaintiffs' claims rely on the same set of facts that occurred on the same day at the same place. This case involves a search of a residence that escalated into a situation involving more than just the target of the search warrant. The facts supporting Plaintiffs' claims dovetail, namely, the events leading up to Marcus' arrest also lead to the arrest of Vanessa, Brown, and Garcia. To say that Plaintiffs' claims are factually separate from Marcus' excessive force claim is an artificial distinction. Accordingly, there are sufficient reasons to delay the immediate appeal of the dismissed claims and wait until after the November 29, 2010 trial to appeal this lawsuit in its entirety. *Helcher v. Dearborn County,* 595 F.3d 710, 717 (7th Cir. 2010) (Rule 54(b) "allows entry of a final judgment on fewer than all of the claims 'only if the court expressly determines that there is no just reason for delay.'") (quoting Fed.R.Civ.P. 54(b)). In sum, piecemeal appeals are not warranted under the circumstances.